UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12150-GAO

MARK MASSEY,
Petitioner,

v.

MICHAEL CORSINI,
Respondent.

OPINION AND ORDER
April 23, 2010

O'TOOLE, D.J.

The petitioner, Mark Massey, was convicted of rape of a child under the age of sixteen by a Worcester Superior Court jury in November 2006. Massey has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 raising four claims. The fourth claim, the only claim relevant for present purposes, asserts that several improper statements made by the prosecutor in closing created a substantial risk that justice was not done.

The respondent has moved to dismiss the petition on the grounds Massey has not exhausted his available state remedies with respect to the fourth claim. See 28 U.S.C. § 2254(b), (c). The respondent concedes that Massey raised the claim on direct appeal to the Massachusetts Appeals Court ("Appeals Court'"), Commonwealth v. Massey, 897 N.E.2d 1042, 2008 WL 5158265 (Mass. App. Ct. Dec. 10, 2008) (unpublished decision), but emphasizes that Massey omitted the claim from his Application for Leave to Obtain Further Appellate Review ("ALOFAR") submitted to the Massachusetts Supreme Judicial Court ("SJC"), (Supplemental Answer 147-59). Massey did not oppose the motion to dismiss.

A § 2254 petition does not satisfy the exhaustion requirement unless each and every claim in a petition has been exhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-20 (1982). To exhaust a claim, a petitioner must "fairly and recognizably" present his federal claim to the state courts, alerting the courts to the "existence of a federal question." <u>Adelson v. DiPaola</u>, 131 F.3d 259, 262 (1st Cir. 1997). Merely presenting a claim to an intermediate state court is not sufficient; "one who seeks to invoke the federal habeas power must fairly present—or do his best to present—the issue to the state's highest tribunal." <u>Mele v. Fitchburg Dist. Ct.</u>, 850 F.2d 817, 819 (1st Cir. 1988); <u>see</u> <u>Adelson</u>, 131 F.3d at 263 ("[W]e must determine whether the petitioner fairly presented the federal claim to the SJC within the four corners of the [ALOFAR].") (internal quotation omitted). A petition containing unexhausted and exhausted claims constitutes a "mixed" petition and can be dismissed in its entirety. <u>Rose</u>, 455 U.S. at 518-20.

Massey has not exhausted his fourth claim. Massey not only omitted the fourth claim from his ALOFAR, as argued by the respondent, but he also made no attempt to alert the Appeals Court that the fourth claim had a federal dimension. His appellate brief did not cite specific provisions of the United States Constitution or rely on any federal precedent. Rather, the fourth claim was argued exclusively with reference to state law.

For these reasons, Massey presents a "mixed" petition under the doctrine of <u>Rose v. Lundy</u>, 455 U.S. at 518-20. Accordingly, the entire petition will be dismissed unless Massey elects to voluntarily dismiss the unexhausted claim, i.e., the fourth claim, within forty-two (42) days of this Order. If Massey voluntarily dismisses the fourth claim, it will be dismissed without prejudice and the petition shall be entertained as to the three exhausted claims.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge