UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12150

MARK MASSEY,
Petitioner,

v.

MICHAEL CORSINI,
Respondent.

OPINION AND ORDER
May 26, 2011

O'TOOLE, D.J.

The petitioner, Mark Massey, was convicted of rape of a child under the age of sixteen by a Worcester Superior Court jury in September 2006. His conviction was affirmed on December 10, 2008, by the Massachusetts Appeals Court ("Appeals Court"), and further appellate review was denied by the Supreme Judicial Court of Massachusetts on February 25, 2009. On December 18, 2009, Massey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing four grounds. Following an April 23, 2010 order issued by this Court that the fourth ground had not been exhausted, Massey voluntarily refiled the instant petition on August 12, 2010, raising only the first three grounds.

**I.     Background**

The petitioner had been a geometry and algebra teacher at Franklin High School. On November 27, 2002, the school had an early release due to a snow storm. The petitioner offered and gave one of his students a ride home. As he drove her to her home, the petitioner asked her if she would consider being with an older man and touched her thigh under her skirt.

This student testified at trial that the petitioner drove her home from school fifteen to twenty more times. In order to hide his relationship with the student, the petitioner would physically force her to the floor of his vehicle when leaving school. During one of these rides, the petitioner unzipped his pants to show the student the zebra-striped boxer shorts that he had been wearing.

The student testified at trial that the petitioner brought her to his apartment in 2003. The student gave a detailed description of specific rooms in the apartment and testified that a "rubber ducky" shower curtain was inside the living room. During this visit, the petitioner removed his pants and told the student to sit down on the floor. Although the student tried to resist, the petitioner physically forced her to perform oral sex.

The Milford Police Department interviewed the student almost two years later at the Milford Police Station on January 11, 2005. On January 13, 2005, the police department applied for a search warrant for the petitioner's new home to locate a pair of zebra-striped boxer shorts and a "rubber ducky" shower curtain, the two distinctive items the student had identified as belonging to the petitioner. The search warrant was executed later that day, and the officers seized a "rubber ducky" shower curtain that had been stored in the attic. The petitioner voluntarily submitted to police interrogation that evening.

The petitioner moved prior to trial to suppress physical evidence found during a search of his home and also to suppress statements he made to police. The Superior Court judge denied both motions. After trial, a jury found the petitioner guilty. He appealed his conviction on four grounds. The Appeals Court denied his four claims and affirmed the petitioner's conviction. Commonwealth v. Massey, 897 N.E.2d 1042, 2008 WL 5158265 (Mass. App. Ct. Dec. 10, 2008). The Supreme Judicial Court of Massachusetts denied further appellate review on

February 25, 2009. Commonwealth v. Massey, 902 N.E.2d 946 (Mass. 2009). The petitioner then brought the present petition for a writ of habeas corpus.

## II. Standard of Review

The standard of review to be applied to the petition is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d). Under this standard, a writ of habeas corpus may not be issued for any claim "adjudicated on the merits in State court proceedings" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1).

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A decision involves an "unreasonable application" of established federal law if a state court identifies the correct "governing legal rule . . . but applies it unreasonably to the facts of a particular state prisoner's case." Id. at 407-408. The First Circuit requires that for the application of federal law to be "unreasonable," "some increment of incorrectness beyond error is required." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002) (en banc) (internal citations and quotations omitted). This increment "need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." Id.

## III. Discussion

### A. Admission of Testimony Related to Uncharged Criminal Conduct

The petitioner first asserts that Massachusetts state law was violated through the admission of prejudicial testimony related to uncharged criminal conduct that overwhelmed the

3

evidence of the petitioner's charged criminal conduct. This argument arises purely under state law, and it is therefore not a ground for a federal habeas claim. See Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006). Even if the petitioner were to allege—which he has not—that this error of state law rises to the level of a federal constitutional violation under the Due Process Clause of the Fourteenth Amendment, there would have to be "extreme facts" present to render the trial "fundamentally unfair." Id. at 64. The First Circuit in Kater noted that "[i]n practice, such a case—if one exists—will be very rare." Id. The circumstances here do not provide such extreme facts as to implicate the Fourteenth Amendment.

B. Admission of Shower Curtain

The petitioner also argues that evidence was obtained in violation of his Fourth Amendment rights against unreasonable search and seizure. Although the Superior Court and the Appeals Court wrote detailed decisions outlining their reasons against suppression of that evidence, the petitioner asserts that their reasons were incorrect as a matter of law.

However, where the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976). The First Circuit has stated that a "federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims." Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001).

The exception to this general rule is where the petitioner has met his burden of proving that he had "no realistic opportunity to litigate his Fourth Amendment claim fully and fairly" in the state court system. Id. The petitioner has asserted as his only arguments that his Fourth Amendment rights were violated because the information in support of the search warrant

application was stale and that there was an insufficient nexus between the items sought and the place to be searched. The petitioner has already raised these two arguments at both the state and appellate level, where he had a full and fair opportunity to litigate them. Therefore, the limited exception to the Stone v. Powell doctrine does not apply.

      C.      Admission of Involuntary Statements to Police

Massey argues, in addition, that his Fifth Amendment guarantee against self-incrimination was violated when statements he made to police officers during an interrogation were admitted at trial, despite his earlier statement to police that he would like to go home. The Fifth Amendment guarantees that no "person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Pursuant to that guarantee, officers have an obligation to stop questioning a suspect when a defendant makes an "unambiguous or unequivocal request for counsel." Davis v. United States, 512 U.S. 452, 461-462 (1994).

The Appeals Court applied the constitutional obligation interpreted in Davis to Massey's specific circumstances. The court found that Massey's Fifth Amendment rights had not been violated when the transcript of his interrogation was referenced at trial despite his statement that he "would like to go home." Massey, 2008 WL 5158265, at *2. The Appeals Court quoted the Davis standard when it analyzed Massey's statements and held that the admission of his statements at trial did not violate the Fifth Amendment. Id.

The Appeals Court applied the correct governing legal rule, and therefore this petition can only be granted if the application of this rule involved an "unreasonable application" of the law that had "some increment of incorrectness beyond error." McCambridge, 303 F.3d at 36. There is no such increment of incorrectness beyond error in the instant case, and therefore this final ground in support of the petition also fails.

5

## IV. **Conclusion**

For the foregoing reasons, the petitioner is not entitled to a writ of habeas corpus, and his petition (dkt. no. 1) is therefore DENIED.

## V. **Certificate of Appealability**

This Court finds that no certificate of appealability should issue here because the petitioner has failed to meet his burden as articulated in Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              United States District Judge